IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ____________________

HIGH COUNTRY BANK,

Plaintiff,

v.

THE KANSAS BANKERS SURETY COMPANY,

Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant The Kansas Bankers Surety Company ("KBS") removes this action from the District Court of Chaffee County, Colorado to the United States District Court for the District of Colorado. KBS states further as follows.

1. On or about October 2, 2009, plaintiff High Country Bank commenced this action by filing its complaint in the District Court of Chaffee County, Colorado, Case No. 2009CV127.

2. As more fully set forth below, this action is properly removed pursuant to 28 U.S.C. §1441 because KBS has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**Defendant KBS Has Satisfied the Procedural Requirements For Removal**

3. The Complaint was served on KBS on October 6, 2009, so this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446.

4. The District Court of Chaffee County, Colorado is located within the District of Colorado. 28 U.S.C. § 85. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

5. KBS is the only defendant in this case, and it is not a citizen of Colorado.

6. KBS has not previously removed this matter.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, including the Complaint and Summons, are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the court for the District Court of Chaffee County, Colorado.

**Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 And 1441**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Complete Diversity Exists**

9. In its complaint plaintiff states that it is a Colorado corporation with its principal place of business in Salida, Colorado. Complaint, ¶ 1. Accordingly, upon information and belief, plaintiff is a citizen of the state of Colorado for purposes of determining diversity.

10. Defendant KBS is and was at the time this lawsuit was filed a Kansas corporation with its principal place of business in Topeka, Kansas. KBS therefore is a citizen of the state of Kansas for purposes of determining diversity. There thus is

complete diversity of citizenship between plaintiff and defendant pursuant to 28 U.S.C. § 1332.

**The Amount In Controversy Requirement is Met**

11. It is evident from the Complaint that plaintiff is seeking recovery of an amount in excess of $75,000, exclusive of interest and costs. Plaintiff claims that it submitted a proof of loss to KBS under the KBS bond and that KBS wrongfully refused to pay under the KBS bond. Complaint, ¶¶ 30, 38, 42, 46. In August, 2009, plaintiff's counsel stated in written correspondence that the bank's claimed loss for which it seeks to recover under the KBS bond is $319,566.73. Moreover, in Counts IV and V of its Complaint, plaintiff seeks damages of two times the covered benefit pursuant to C.R.S. § 10-3-1116 and treble damages under the Colorado Consumer Protection Act. Complaint, p. 10 . Plaintiff also seeks to recover its attorney's fees under the Colorado Consumer Protection Act and C.R.S. § 10-3-1116. Complaint, p. 10. Finally, the civil cover sheet plaintiff filed in the state court states that plaintiff is seeking in excess of $100,000, excluding interest and costs.

12. For these reasons, this action may be removed to the United States District Court for the District of Colorado.

WHEREFORE, defendant KBS removes this action, Case No. 2009CV127, from the District Court of Chaffee County, Colorado to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 3rd day of November, 2009.

s/ ________________________

Paul W. Hurcomb
Sparks Willson Borges Brandt & Johnson, P.C.
24 S. Weber Street, Suite 400
PO Box 1678 (80901)
Colorado Springs, CO 80903
(719) 634-5700 Telephone
(719) 633-8477 (Fax)
pwhurcomb@sparkswillson.com
Attorneys for defendant Kansas Bankers Surety Company

/s ________________________

Rebecca S. Yocum
Brian D. Martin
1001 E. 101st Terrace, Suite 120
Bottaro, Morefield, Kubin & Yocum, LLC
Kansas City, MO 64131
(816) 531-8188 Telephone
(816) 531-8588 Telefax
rsy@kc-lawyers.com
bdm@kc-lawyers.com
Attorneys for defendant Kansas Bankers Surety Company

## CERTIFICATE OF SERVICE

I certify that on November 3, 2009, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send electronic notice to the following:

Tobin D. Kern
Christopher S. Mosley
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

Attorneys for plaintiff High Country Bank

________________________

Attorney for defendant